UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HUSSEIN S. HUSSEIN,

        Plaintiff,

v.

ADEL ERSEK et al.,

        Defendants.

3:07-CV-00056-LRH-VPC

ORDER

Plaintiff Hussein Hussein brings this action against Defendants Adel Ersek, Ramona Laslo, Hyungchul Han, David Thawley, Ron Pardini, and Esmail Zanjani for claims arising out of an alleged conspiracy to punish Hussein for his speech. Because Hussein has already litigated claims arising from the same facts alleged in this suit, his claims against Han, Thawley, Pardini, and Zanjani are barred by the doctrine of claim preclusion. However, because neither Ersek nor Laslo were parties or privies to the related action, Hussein's claims against these two defendants may proceed past the pleading stage.

**I.     Facts**

The following narrative summarizes the material allegations of Plaintiff's complaint:

In September 2002, Defendants Adel Ersek, Ramona Laslo, Hyungchul Han, David Thawley, and Ron Pardini conspired to punish and defame Plaintiff by accusing him of overworking his students. According to this conspiracy, Ersek and Laslo would provide false

documentation to Thawley, which Thawley would use to retaliate against Hussein for his speech regarding discrimination, violation of an affirmative action agreement, animal abuse, and human abuse at the University of Nevada, Reno (UNR).  These defendants' animus was also motivated by Plaintiff's report of sexual harassment and discrimination by Defendant Han against Defendants Laslo and Ersek.

Hussein alleges that in furtherance of this conspiracy, Thawley directed Ersek, Laslo, and Han to write statements defaming Hussein.  Moreover, Thawley attempted to cause Pardini to downgrade Hussein on his 2003 evaluation.  Thawley downgraded Pardini's evaluation upon its completion.  Later, Zanjani joined the conspiracy after Thawley caused him to downgrade Hussein on his 2004 evaluation and subsequent evaluations.

Hussein's allegations are treated as true for purposes of deciding Defendants' motion for judgment on the pleadings (#49).

**II.    Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)). "In ruling on a motion for judgment on the pleadings, district courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc.,* 907 F.Supp. 1361, 1381 (N.D. Cal. 1995).  However, a court may take judicial notice of matters of public record without converting a Rule 12 motion into one for summary judgment.  *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008). Materials from another court's proceeding are appropriate for judicial notice. *Biggs v. Terhune*,

1   334 F.3d 910, 915 n.3 (9th Cir. 2003).

2   **III.     Discussion**

3          **A.  Claim Preclusion**

Defendants argue Hussein's suit is barred by the doctrine of claim preclusion because this case arises from the same operative facts as Hussein's 2004 and 2005 suits against Defendants Thawley, Zanjani, Pardini, and Han, which this court will denominate as *Hussein 1 and 2*.[1] Specifically, Defendants assert that "[a]ll the claims in this matter arise from the same transactional nucleus of facts as *Hussein 1&2*, i.e., the nature of the working environment in Hussein's laboratory." (Mot. for J. on the Pleadings (#49) at 13:10-11.)  While the court does not view the operative facts litigated in *Hussein 1 and 2* in exactly those terms, the court does find that Defendants Thawley, Zanjani, Pardini, and Han have shown Hussein's present claims are barred by claim preclusion.

Claim preclusion acts to bar a suit when an earlier suit "(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation marks omitted).

Whether the suits involve the same claim or cause of action requires an examination of four criteria, which are not applied mechanistically: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Id.*  With respect to the first prong of the same claim or cause of

---

[1] *Hussein 1* was docketed as 3:04-CV-00455-JCM-RAM in the United States District Court for the District of Nevada.  *Hussein 2* was docketed as 3:05-CV-00076 in the same court.  Both of these cases were consolidated under 3:04-CV-00455-JCM-RAM on June 22, 2005.

action criteria, the transaction test determines whether the two suits share a common nucleus of operative fact. *Id.* "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.*

*Hussein 1 and 2* involved the same transaction at issue in this case. In *Hussein 1 and 2*, Hussein alleged that Pardini, Zanjani, and Thawley retaliated against him for his speech concerning "faculty searches, animal care, nepotism, retaliation, [and] departmental hiring practices . . . ." (Second Am. Compl. (3:04-CV-00455-JCM-GWF (#35)) at 4:5-6:3.) He also alleged that Thawley, Zanjani, Pardini, and Han retaliated against him for his speech regarding animal abuse and human rights abuse. (Am. Compl. (3:05-CV-00076-JCM-GWF (#22)) at 2:10-13.) Hussein further alleged that Han retaliated against him for Hussein's report that Han engaged in alleged sexual harassment. (*Id.* at 9:19-24.)

In the present case, Hussein is asserting essentially the same allegations that Defendants retaliated against him for reporting discrimination, violation of an affirmative action agreement, animal abuse, human abuse, and that Han had allegedly engaged in sexual harassment. This time, however, Hussein is seeking redress for an alleged conspiracy that resulted in the retaliation alleged and litigated in *Hussein 1 and 2*.[2] The close relationship between the cases is plain, as a conspiracy and an act in furtherance of the conspiracy are part of same operative nucleus of fact. *Cf. Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868-69 (9th Cir. 1995) (holding, under Washington law, that plaintiffs' claims for conspiracy under RICO were barred by claim preclusion when the plaintiffs had previously bought suit seeking redress for the results of the alleged conspiracy).

---

[2] Hussein concedes as much in his opposition: "The overt acts in furtherance of this alleged conspiracy was the provision of written statements that were to be used later by administrators to punish Dr. Hussein. While that punishment is a subject of Hussein 1 and 2, these Defendants' role leading to that punishment is not." (Opp'n (#65) at 7:16-19.)

The other factors concerning whether this case involves the same claim or cause of action as *Hussein 1 and 2* also militate in favor of claim preclusion. First, the rights established in *Hussein 1 and 2* would be impaired by prosecution of this suit, as the court in *Hussein 1 and 2* has already granted summary judgment in favor of Thawley, Zanjani, Pardini, and Han on Hussein's retaliation claims. Second, both *Hussein 1 and 2* and this suit involve Hussein's right to be free from unlawful retaliation arising from his speech. Third, while the court has only considered the pleadings and matters subject to judicial notice, Hussein's allegations demonstrate that the evidence presented in *Hussein 1 and 2* and evidence likely to be presented in this case would be substantially the same.[3]

The second prong this court must consider in applying claim preclusion is whether the *Hussein 1 and 2* court reached a final judgment on the merits. While Hussein correctly points out that the *Hussein 1 and 2* court has not entered a final judgment, declining to find a final judgment for purposes of claim preclusion would exalt form over substance. It is undisputed by the parties that the *Hussein 1 and 2* court has granted summary judgment to the defendants on all of Hussein's claims. While there are still counterclaims pending against Hussein, Hussein's case against the *Hussein 1 and 2* defendants is effectively over.[4] *See also* Restatement (Second) of Judgments § 13 cmt. e (1982) ("A judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest.").

Under the third and final prong of the claim preclusion analysis, this court must determine

---

[3]Application of claim preclusion is appropriate based on the pleadings and matters subject to judicial notice. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

[4]The court also notes that Hussein has not lived up to his October 30, 2008, representation that he "is in the process of preparing a motion . . . to reconsider [the order granting summary judgment]" and "[the *Hussein 1 and 2* court] will have yet another opportunity to reconsider [its] ruling shortly." (Opp'n (#65) at 5:25-27, 6:20-21.) In fact, Hussein has since submitted a pretrial order than includes only the *Hussein 1 and 2* defendants' claims against Hussein. (Nov. 26, 2008, Proposed Joint Pretrial Order (3:04-CV-00455-JCM-GWF (#676).)

1  whether *Hussein 1 and 2* involved identical parties or privies.  Defendants Thawley, Zanjani,
2  Pardini, and Han were all parties to *Hussein 1 and 2*; thus, they are identical parties to this suit.
3        Defendants Ersek and Laslo, however, were not parties or privies to *Hussein 1 and 2*.
4  While they argue that they are in the same position as Han was in *Hussein 1 and 2*, Ersek and
5  Laslo's argument is foreclosed by the Supreme Court's recent decision in *Taylor v. Sturgell*, 128
6  S.Ct. 2161 (2008).  In *Taylor*, the Court rejected a similar argument based on the theory of "virtual
7  representation" and held that "[a] party's representation of a nonparty is "adequate" for preclusion
8  purposes only if, at a minimum: (1) the interests of the nonparty and her representative are aligned;
9  and (2) either the party understood herself to be acting in a representative capacity or the original
10 court took care to protect the interests of the nonparty."  *Id.* at 2176.   In this case, while Ersek and
11 Laslo may have been aligned with the *Hussein 1 and 2* defendants, there has been no showing that
12 the *Hussein 1 and 2* defendants understood themselves to be acting in a representative capacity, or
13 the *Hussein 1 and 2* court took care to protect the interests of Ersek and Laslo.  Ersek and Laslo
14 therefore may not benefit from claim preclusion.
15       In opposition to claim preclusion, Hussein argues that he should be able to prosecute this
16 suit because he was not aware of a relevant document Ersek, Laslo, and Han authored until
17 September 2005, which was "after the [*Hussein 1 and 2* court's] final amendment deadline had
18 passed by four months . . . ."  (Opp'n (#65) at 4:14-15.)  As an initial matter, Hussein's assertion is
19 simply not true.  The *Hussein 1 and 2* court's scheduling order explicitly states that the last day to
20 amend pleadings was January 24, 2006.  (3:04-CV-00455-JCM-GWF (#84) at 3:13.)  Furthermore,
21 Hussein cannot avoid the rule against splitting claims by arguing that evidence supporting this suit
22 arose only after he filed the complaint in *Hussein 1 and 2*.  The very purpose of the discovery
23 period is to unearth evidence relevant to a litigant's claims.  After the pertinent document came to
24 light in discovery, Hussein was required to litigate any theories predicated on the document that
25 arise from the operative facts of *Hussein 1 and 2*.  *See A.V. Costantini v. Trans World Airlines*, 681
26

6

1  F.2d 1199, 1202-03 (9th Cir. 1982); 18 James Wm. Moore et al., *Moore's Federal Practice*
2  § 131.21[1] (3d. ed. 2008) (stating that only newly occurring facts, as opposed to newly discovered
3  facts, might be a basis for attacking a prior judgment).
4        In sum, Defendants Thawley, Zanjani, Pardini, and Han have demonstrated that Hussein's
5  claims against them are barred by the doctrine of claim preclusion.  However, because Defendants
6  Ersek and Laslo were not parties or privies to *Hussein 1 and 2*, they may not benefit from claim
7  preclusion.[5]
8        **B.  Issue Preclusion**
9        Defendants also argue that Hussein cannot succeed on the merits of his claims because
10 issues essential to any recovery were already decided in *Hussein 1 and 2*, that is, whether there was
11 a hostile working environment in Hussein's laboratory and whether Hussein's evaluations were
12 defamatory.  With respect to whether Hussein's evaluations were defamatory, that issue is not
13 relevant with respect to Defendants Ersek and Laslo, the only two defendants left in this case.
14 Moreover, the issue of whether there was a hostile working environment in Hussein's laboratory
15 was not actually decided in *Hussein 1 and 2*.  Rather, the issue before the *Hussein 1 and 2* court
16 was whether Hussein had presented a triable issue in support of his claims, which the court
17 answered in the negative.  That issue is different from the positive assertion that there was a hostile
18 environment in Hussein's lab.  Issue preclusion is therefore not applicable here.
19       **C.  Failure to State a Claim**
20       Although Defendants denominate their motion as one for judgment on the pleadings, they
21 have also submitted evidence to attack the merits of Hussein's case.  The court, however, will

---

[5]The court recognizes that in accordance with the Supreme Court's instruction in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, this court must apply Nevada's preclusion rules to Hussein's claims under state law, specifically, his claims for defamation and civil conspiracy. *See* 531 U.S. 497, 508-09 (2001).  The only difference between Nevada's claim preclusion rules and federal preclusion rules is that Nevada simplifies its analysis by asking whether the former and present cases are based on the same claims. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 714 (Nev. 2008).  As discussed above, Defendants have made this showing.

decline to rule on the motion as one for summary judgment. While Defendants' opening brief argues that they are entitled to summary judgment, their reply contends their motion should be granted based on matters appropriate for judicial notice. While Defendants' conflicting statements alone would not prevent conversion of their motion to one for summary judgment, the court will decline to rule on the merits of this case without a clearer record.

**IV.  Conclusion**

As a final note, the court is aware that Hussein and his lawyer have been enjoined from filing any further law suits against the *Hussein 1 and 2* defendants arising from this dispute. The *Hussein 1 and 2* court found that Hussein has repeatedly sued the *Hussein 1 and 2* defendants for alleged conduct stemming from the same employment dispute that forms the basis of *Hussein 1 and 2* and that Hussein's conduct intends to harass and intimidate these defendants. This court cannot say based on the present record that this case was filed for the purpose of harassing the present defendants because they were witnesses or parties in *Hussein 1 and 2*. However, Hussein and his attorney should be prepared for severe sanctions if that is in fact the case.

IT IS THEREFORE ORDERED that Defendants' Motion for Judgment on the Pleadings (#49) in GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 6th day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE