1

2

3

4                          **UNITED STATES DISTRICT COURT**
                               **DISTRICT OF NEVADA**
5

6   HUSSEIN S. HUSSEIN,                    )        3:07-CV-0056-LRH (VPC)
                                           )
7            Plaintiff,                     )
                                           )
8        vs.                                )        **ORDER**
                                           )
9   ADEL ERSEK, et al.,                     )
                                           )
10           Defendants.                     )
    _____)
11

12          Plaintiff filed a document styled as "emergency motion for an order reviewing defense counsel's

13   conduct, for sanctions, for setting an evidentiary hearing to identify ghost writers participating in the

14   fraudulent and/or improper conduct in this case, and for allowing plaintiff to complete his discovery by

15   re-deposing the defendants in person and the witnesses under complete supervision of this court after

16   compelling the production of documents and the responses to the subpoenas and the written discovery

17   sought by plaintiff from defendants, the University of Nevada, Reno, and Sierra Biomedical Research

18   Corporation" (#127).  This court stayed further briefing of plaintiff's motion until further order of this

19   court (#131) pursuant to Local Rule IA 3-1.  The court has reviewed plaintiff's motion and  enters this

20   order without further briefing,

21        **I.    Procedural History**

22          On February 2, 2007, plaintiff filed his complaint (#1), which he amended on May 14, 2007 (#6).

23   The court approved the first discovery plan and scheduling order in this action on June 14, 2007, six

24   months after the filing of the original complaint, and the discovery cutoff was December 6, 2007 (#12).

25   The court granted plaintiff an extension of time to serve defendant Laslo under the Hague Convention

26   on June 29, 2007 (#13), and thereafter granted an extension of the discovery plan and scheduling order,

27   which required discovery to be completed by February 6, 2008, over one year after the filing of the

28   original complaint (#18).

On February 26, 2008, this court granted a second extension of the discovery plan and scheduling order, which required discovery to be completed by April 7, 2008 (#37).  On March 25, 2008, the court held a hearing and granted defendants' motion for protective order to prohibit depositions of the named defendants in this case until the District Court decided the dispositive motions pending in Hussein 1 and 2 (#40).  The court agreed with defendants that the outcome of those motions might dispose of or limit additional discovery in this action and stayed discovery pending the outcome of the Hussein 1 and 2 dispositive motions.  *Id.*   Counsel were ordered to file a notice with this court within ten days of the issuance of the District Court's order in Hussein 1 and 2 so that a case management conference could be scheduled.  *Id.*

Although the District Court in Hussein 1 and 2 initially denied defendants' motions for summary judgment, the court vacated that order for the limited purpose of reconsidering certain issues, and set a briefing schedule to be complete completed by May 16, 2008 (#43).   On June 12, 2008, the District Court granted summary judgment to defendants as to all claims and as to all defendants in Hussein 1 and 2 (#45).  Defendants acknowledged that apart from initial disclosures, no discovery had been conducted in this action, and further advised of their intention to file a dispositive motion in this action based in part on the ruling in Hussein 1 and 2.  *Id.*

On July 7, 2008, this court held a case management conference in this action and directed defendants to file their dispositive motion no later than August 1, 2008 (#48).  The parties were ordered to meet and confer during the week of August 3, 2008 to determine what discovery was necessary in this action and to then file a stipulation regarding that discovery no later than August 8, 2008.  The court stayed discovery with the exception of its direction to counsel to meet, confer, and propose a discovery schedule.  *Id.*

On August 1, 2008, defendants filed a motion for judgment on the pleadings; thereafter, the parties submitted a stipulation to stay discovery until disposition of this motion, which the court approved (#54).  The court also ordered the parties to file a status report within fifteen days of the decision on the dispositive motion concerning a discovery plan.  *Id.*  On March 6, 2009, the District Court issued its order granting in part and denying in part defendants' motion for judgment on the

1  pleadings (#68).  On April 1, 2009, this court issued its order providing that discovery would close by

2  September 2, 2009, with dispositive motions due October 2, 2009, and stated that no further extensions

3  would be granted (#70).

4          Several weeks later, the parties submitted a stipulation to extend discovery on the ground that

5  defendants' counsel, Mr. Hilsabeck, had been seriously injured in a motorcycle accident (#72).  On June

6  8, 2009, the court held a hearing and reviewed with counsel in detail the chronology of this case and the

7  court's concern that discovery must be completed so the case could proceed.  Counsel for the parties

8  represented to the court that the facts of this case had largely been covered in Hussein 1 and 2, but that

9  depositions of defendants Laslo and Ersek needed to be taken (#74).  These defendants reside in

10  Romania and England; therefore, the court directed defendants' counsel to arrange these depositions

11  immediately.  *Id.*  The court entered a final order regarding discovery and a deadline of November 2,

12  2009, with dispositive motions due on December 2, 2009.  *Id.*  As of June 8, 2009, this case had been

13  pending for well over two years.

14          In July 2009, only weeks after the court set these final scheduling deadlines, plaintiff's counsel

15  sought to withdraw.  A flurry of motions and notices followed, which culminated in a September 15,

16  2009 hearing (#96).  The court granted plaintiff's counsel's motion to withdraw and granted defendants'

17  motion for protective order.  *Id.*  The court ordered that plaintiff's deposition would proceed as noticed

18  on September 16, 2009, and that the telephonic depositions of defendants Ersek and Laslo would

19  proceed as scheduled on September 17, and 18, 2009.  The court further ordered plaintiff and

20  defendants' counsel to meet and confer to discuss discovery to be completed by November 2, 2009, and

21  set a case management hearing for October 2009.  *Id.*

22          The court also advised defendants' counsel and plaintiff as follows:

23          The Court reminds plaintiff that even though he is representing himself
            in  this action in pro se, he is subject to Rule 11 of the Federal Rules of
24          Civil Procedure and also subject to the Court's inherent power to sanction
            misconduct by parties or attorneys who appear before the Court.
25
26          The parties are noticed that this Court will not tolerate litigation tactics
            that include the following: bad faith, filing vexatious pleadings; abuse of
            the judicial process; tactics that are designed to delay or disrupt litigation;
27          tactics that are engaged in for an improper purpose, such as to harass; and

28                                                      3

1   tactics or papers that may misrepresent statements of law or fact.  The
2   Court advises the plaintiff it is not interested in this Court becoming a
    venue for anything but the efficient management of this case.

3   The parties are further advised that if the Court determines that either
    party is engaging in conduct in violation of Rule 11 or is sanctionable, the
4   Court will put an immediate stop to such conduct and implement a
    protocol which will allow the opposing side to file an immediate paper
5   requesting an emergency hearing for a status conference to determine
    whether such conduct or such filing is sanctionable under Rule 11, is
6   filed for an improper purpose, or has already been litigated to determine
    if such paper shall be stricken, or the Court may use its inherent power to
7   impose sanctions.

8       Subsequently, plaintiff was given leave to re-depose defendants Ersek and Laslo under court

9   supervision, which he did (##s 132 & 133).  Defendants' counsel also provided plaintiff with a notice

10  of availability of depositions for twelve additional witnesses (#104).    Discovery concluded, and

11  defendants filed a motion for summary judgment on December 2, 2009 (#144).

12          **II.   <u>Discussion and Analysis</u>**

13      By his motion, plaintiff generally seeks sanctions against defendants' counsel and also asks the

14  court to re-open discovery.  Since the filing of the motion in October 2009, the court allowed plaintiff

15  to re-depose defendants Ersek and Laslo under this court's supervision, and the court also ruled on other

16  discovery requests, which render those matters moot.

17      Turning to the matter of sanctions, plaintiff asks this court to issue sanctions based on eight

18  categories of conduct.

19          **A.   Improper Discovery**

20      Plaintiff contends that defendants' counsel posed improper questions at plaintiff's deposition and

21  in written discovery requests.  The record before the court indicates that plaintiff  refused to answer

22  deposition question he found improper, and he also responded with objections to written discovery,

23  which he characterizes as abusive.  Defendants did not move to compel plaintiff to answer deposition

24  questions, nor did they ask the court to overrule plaintiff's written objections.  In other words, plaintiff

25  objected to certain discovery and that was the end of it.  While parties to litigation often resist discovery

26  on the grounds that it is improper or abusive, if the requesting party accepts those responses and does

27

28                                           4

1    not pursue the matter further, the dispute is over, and the court's intervention is not required.  Frustration

2    over questions to which a party objects, standing alone, is no basis for sanctions.

3                                    **B.      Telephonic Depositions**

4              Plaintiff objects to the telephonic depositions of defendants Ersek and Laslo, who reside in

5    England and Romania, respectively, because he could not observe their demeanors, had difficulty

6    questioning them about exhibits, and so on.  The court has three observations.  First, at the March 25,

7    2008 case management conference, plaintiff's former counsel acknowledged that if plaintiff wished to

8    depose the defendants in person, he would have to bear that cost, and he recognized that defendants'

9    telephonic or video depositions made economic sense.  Second, at the June 8, 2009, hearing when

10   defendants sought a final extension of discovery due to Mr. Hilsabeck's injuries, the court admonished

11   defendants' counsel to immediately begin making arrangements for these two depositions.  If plaintiff

12   wished to depose the defendants in England and Romania, or to videotape the depositions, he could have

13   made those arrangements. Finally, plaintiff was given leave to re-depose the defendants under court

14   supervision on November 3, 2009, in response to his claim that defendants' counsel coached the

15   defendants and that he did not have adequate time to question them.

16                                   **C.      Witness Coaching**

17             Plaintiff asserts that defendants' counsel "coached" the defendants and other witnesses, which

18   rendered their deposition testimony a waste of time.  According to plaintiff, statements by defendants'

19   counsel such as, "Go ahead and answer if you know," or "Go ahead and answer if you remember," are

20   improper.  In addition, witnesses testified they could not answer questions with the document at issue

21   before them.  What plaintiff describes is not atypical or sanctionable conduct.  An attorney can so advise

22   a client or a witness along these lines, and if this conduct rises to a level the questioner considers an

23   abusive or unfair, the court can be contacted or the deposition can be halted to allow the aggrieved party

24   to seek relief from the court.  Plaintiff did not do so.

25   / / /

26   / / /

27   / / /

28
                                              5

**D.      Manufacturing Evidence**

Plaintiff makes the very serious allegation that defendants' counsel prepared false affidavits of various witnesses, and offers citations to plaintiff's papers filed in this and other Hussein cases as proof. The offer of proof is insufficient and the claim is meritless.

**E.      False Objections to Conceal Evidence**

Plaintiff accuses defendants' counsel of making false assertions that plaintiff addressed with evidence in plaintiff's papers. Plaintiff does not tell the court what the allegedly false assertions are, and it is not the court's responsibility to sift through thousands of pages of papers to ferret out plaintiff's complaint.

**F.      Lies about the Pending Claims in the Case**

Plaintiff's position is that some or all of his claims are still pending, notwithstanding the District Court's order granting in part and denying in part defendants' motion for judgment on the pleadings (#68). Defendants' view is that the only claims that survived the District Court's order are plaintiff's defamation claims. Plaintiff considers defendants' adherence to this view to be sanctionable. The court disagrees. Parties to litigation may disagree about the meaning of an order, and their recourse is simple: seek clarification from the court who issued the order.

**G.      Buying Witnesses**

Next, plaintiff contends that defendants' counsel has bought witnesses and asks to submit *in camera* this conduct. The court does not find this accusation credible on its face and will not allow the court to be manipulated to allow plaintiff to continue this attack on those he considers his adversaries.

**H.      Misuse of Court's Order**

As noted earlier, this court admonished counsel and plaintiff on September 15, 2009 that it would not tolerate abusive litigation tactics (#96). Plaintiff accuses defendants' counsel of misusing the court's order to cast plaintiff in an unfavorable light with another District Court. The court not only does not find reference to its order sanctionable; it is patently clear to this court that plaintiff ignored this court's admonition through the filing of numerous motions that are vexatious, an abuse of the judicial process, designed to delay or disrupt litigation, and intended for an improper purpose, such as to harass

6

1   the opposing party.  This is precisely what plaintiff has done since he commenced representing himself

2   in *pro se*.

3        **III.        Conclusion**

4        Having reviewed plaintiff's motion, the court finds there is no basis under the law or the facts

5   to support his claims that defendants' counsel engaged in sanctionable conduct.  It is evident that

6   plaintiff ignored the court's admonition at the September 15, 2009 hearing.  The court stayed briefing

7   on this motion because it is also evident that plaintiff continues to file frivolous motions for an improper

8   purpose; that is, to vex and harass defendants and needlessly multiply these proceedings.  The court will

9   not be a party to such tactics.

10       Plaintiff's motion for sanctions (#127) is **DENIED.**

11       **IT IS SO ORDERED.**

12       Dated this 8th day of January, 2010.

_____

UNITED STATES MAGISTRATE JUDGE

7