UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUSSEIN S. HUSSEIN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ADEL ERSEK; et al.,<br><br>　　　　　Defendants. | 3:07-cv-0056-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Hussein S. Hussein's ("Hussein") motion for a preliminary injunction filed on December 13, 2009. Doc. #149.[1] Defendants filed a response on December 30, 2009. Doc. #159. Thereafter, Hussein filed a reply on January 13, 2010. Doc. #172.

**I.　Facts and Background**

Hussein filed a complaint against defendants for an alleged conspiracy arising from defendants' actions at the University of Nevada, Reno.[2] Hussein alleges that, during discovery, defendants' counsel, Charles Hilsabeck ("Hilsabeck"), assistant general counsel for the University of Nevada, Reno, committed witness tampering and fraud upon the court. *See* Doc. #149.

Hussein filed several motions to disqualify defense counsel and for sanctions for

---

[1] Refers to the court's docket entry number.

[2] For a more complete factual history of the case see the court's March 6, 2009 order granting in-part and denying in-part defendants' motion for judgment on the pleadings (Doc. #49). Doc. #68.

1 Hilsabeck's alleged witness tampering and discovery fraud. *See* Doc. ##90, 127, 128, 137. The
2 magistrate judge denied the motions ultimately finding Hussein's allegations to be without merit.
3 Doc. ##102, 131, 169. Thereafter, Hussein filed the present motion for an order enjoining
4 defendants from witness tampering and witness intimidation. Doc. #149.

**II.    Legal Standard**

A party may seek to enjoin another party from causing the moving party irreparable harm by filing a motion for an injunction. *See Topanga Press, Inc. V. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993). An injunction is an extraordinary remedy available only upon a clear showing that the moving party is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In order to be granted an injunction, the moving party must establish: (1) irreparable harm in the absence of relief; (2) likelihood of success on the merits; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest. *See Winter v. NRDC, Inc.*, 129 S. Ct. 365 (2008); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009).

**III.    Discussion**

**Likelihood of Success on the Merits**

The court finds that Hussein has failed to meet his burden in establishing the likelihood of success on the merits of his discovery fraud and witness tampering claims. Hussein provides no legal or factual support for his accusations of defense counsel's wrongdoing. Rather, Hussein posits a rhetorical question to the court: "[t]he question here is, if the defense team is confident of winning on the merits, then why avoid discovery and resort to withholding the *true* evidence and manufacturing *false* evidence to be used at summary judgment?" Doc. #149 (emphasis in original). Hussein's question does not support his claims that defense counsel engaged in improper and illegal activities. Thus, Hussein has failed to show that he is likely to succeed on the merits of his claims against defense counsel.

Additionally, in seeking an injunction, a plaintiff must demonstrate that his claims present a

1  serious question of law and that the current litigation has merit so as to avoid undue harm to the
2  defendant. *Topanga*, 989 F.2d at 1528. Here, the magistrate considered Hussein's underlying
3  motions and found his accusations to be without merit. The court has reviewed the magistrate's
4  orders along with the papers and pleadings on file in this matter and agrees that Hussein's
5  accusations of discovery fraud and witness tampering are without merit. Accordingly, Hussein is
6  not entitled to an injunction against defense counsel.

7  Because the court finds that Hussein has not shown a likelihood of success on the merits,
8  the court finds it unnecessary to address the remaining factors in seeking an injunction.

9  IT IS THEREFORE ORDERED that plaintiff's motion for an injunction (Doc. #149) is
10  DENIED.

11  IT IS SO ORDERED.
12  DATED this 7th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3