UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUSSEIN S. HUSSEIN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ADEL ERSEK; et al.,<br><br>　　　　　Defendants. | 3:07-cv-0056-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Hussein S. Hussein's ("Hussein") objection to the magistrate judge's order denying his motion for sanctions and defendants' cross-motion for sanctions (Doc. #102[1]). Doc. 114. Defendants filed a response (Doc. #130) to which Hussein replied (Doc. #136).

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Here, Hussein objects to the magistrate's denial of his motion for sanctions (Doc. #90) arguing that the magistrate summarily dismissed his motion without directly referencing the evidence and legal authority in support. Specifically, Hussein takes issue with the broad sweeping language of the magistrate's order, namely, "the court has reviewed plaintiff's motion (Doc. #90),

---

[1] Refers to the court's docket entry number.

and it is denied" (Doc. #102). *See* Doc. #114.

Initially, the court notes that although the order itself is brief, the magistrate heard argument on Hussein's motion for sanctions, along with several other motions he filed on September 15, 2009. Thus, the court finds that Hussein's motion received adequate attention and review from the magistrate judge and that Hussein's objection to the order's brevity is therefore, without merit. Further, the magistrate's brevity is necessary in light of Hussein's 610 page motion. The court is always conscious of the public's interest in expeditious litigation and the court's own need to manage its docket. *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995).

Additionally, the court finds that Hussein has failed to show that the magistrate's order is either contrary to law or clearly erroneous. Hussein simply re-alleges his arguments for sanctions based upon defendants alleged fraudulent conduct which the magistrate discounted. Hussein has not shown to this court that the magistrate's decision was in error. Accordingly, the court shall affirm the magistrate judge's order.

IT IS THEREFORE ORDERED that plaintiff's objection to the magistrate judge's order (Doc. #114) is DENIED.

IT IS FURTHER ORDERED that the magistrate judge's order denying plaintiff's motion for sanctions (Doc. #102) is AFFIRMED.

IT IS SO ORDERED.

DATED this 7th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE