UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUSSEIN S. HUSSEIN,  Plaintiffs,  v.  ADEL ERSEK; et al.,  Defendants. | 3:07-cv-0056-LRH-VPC  ORDER |

Before the court is defendants Adel Ersek ("Ersek") and Ramona Laslo's ("Laslo") motion for summary judgment filed on December 2, 2009. Doc. #144.[1] Plaintiff Hussein S. Hussein ("Hussein") did not file an opposition to the motion.

**I.    Facts and Background**

Plaintiff Hussein is a former professor in the Department of Animal Biotechnology in the College of Agriculture, Biotechnology and Natural Resources ("CABNR") at the University of Nevada, Reno ("UNR"). Hussein taught a graduate and research lab. Defendants Ersek and Laslo are former visiting graduate students from Romania who worked in Hussein's lab.

Beginning in May 2002, university officials began to receive reports from graduate students and other researchers working in Hussein's lab, and for whom Hussein served as an advisor, that Hussein was maintaining an abusive working environment. As a result of these allegations, Hussein

---

[1] Refers to the court's docket entry number.

was allegedly downgraded on his university evaluations and ultimately terminated. Thereafter, Hussein filed a complaint in 2004, and another in 2005, against UNR and several individual defendants including David Thawley ("Thawley"), Esmail Zanjani ("Zanjani"), Ron Pardini ("Pardini"), and Hyungchul Han ("Han"), which the court will denominate as *Hussein 1 & 2*. During discovery in *Hussein 1 & 2*, Hussein received statements written in 2002 and co-authored by Ersek and Laslo, along with defendant Han and other non-party graduate students, which outlined Hussein's conduct. Ersek was subsequently deposed in connection with *Hussein 1 & 2*.

Subsequently, on February 3, 2007, Hussein initiated the present action against defendants Ersek, Laslo, Thawley, Zanjani, Pardini, and Han alleging four causes of action: (1) defamation; (2) First Amendment violation; (3) stigma plus defamation; and (4) civil conspiracy. Doc. #1. On August 1, 2008, defendants filed a motion for judgment on the pleadings. Doc. #49.

On March 5, 2009, the court granted in-part and denied in-part defendants' motion holding that Hussein's suit, as it related to defendants Thawley, Zanjani, Pardini, and Han, is barred by the doctrine of claim preclusion because the case arises from the same operative facts as *Hussein 1 & 2*. Doc. #68. Accordingly, the court dismissed defendants Thawley, Zanjani, Pardini, and Han, as well as all claims relating to them. However, the court denied the motion as to defendants Ersek and Laslo because they were not parties in *Hussein 1 & 2*.

Thereafter, moving defendants filed the present motion for summary judgment to which Hussein did not respond. Doc. #144.

**II.   Legal Standard**

**A.  Failure to Respond**

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Hussein's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). A moving party must still meet its affirmative duty under

2

Rule 56 to demonstrate that it is entitled to judgment as a matter of law. *Id*. Thus, the absence of an opposition does not change defendants' burden of proof, and the court will consider defendants' motion on the merits.

**B. Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of

1 evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;
2 there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III. Discussion**

After the court's order on defendants' motion for judgment on the pleadings (Doc. #68), the only remaining claim is Hussein's claim for defamation against Ersek and Laslo, in which Hussein alleges that defendants co-authored false statements about their experiences in his lab and continued to make false statements under oath. *See* Doc. #6.

Under Nevada law, to recover on a claim for defamation, a plaintiff must show "(1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (Nev. 1997). "Whether a statement is capable of a defamatory construction is a question of law." *Chowdhry v. NLVH*, 851 P.2d 459, 463 (Nev. 1993). Here, the alleged defamatory statements fall into two categories: (1) defendants' September 2002 written statements; and (2) Ersek's deposition testimony in *Hussein 1 & 2*.

**A. September 2002 Statements**

Hussein alleges that Ersek and Laslo wrote defamatory statements about their experience in Hussein's laboratory. However, the undisputed evidence is that there was no unprivileged publication of the statements. Specifically, defendant Han testified that there was no publication of the statements until he provided them to defense counsel in *Hussein 1 & 2*. *See* Doc. #144, Exhibit I, p. 73:20-74:19. Further, defendants deny providing the statements to anyone outside of litigation. *See* Doc. #144, Exhibit n, p. 21:9-16. Therefore, the court finds that there has been no unprivileged publication of the 2002 statements.

Additionally, a statement is not defamatory if it is substantially true. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 2002). Here, defendants point the court to specific properly-authenticated deposition excerpts and other evidence tending to show Hussein's volatility

4

in the lab and overworking of his students. Doc. #144, Exhibit I, p.17:4; Exhibit J, p.26:1-18; Exhibit K.. In contrast, Hussein has not provided any evidence relating to the statements' falsity. Therefore, the court finds that there is sufficient evidence establishing the truth of the statements. Accordingly, Hussein's claim for defamation fails as a matter of law.

**B. Deposition Testimony**

Hussein alleges that defendant Ersek made false statements about her experiences in his laboratory throughout her deposition in *Hussein 1 & 2*. Witnesses are absolutely immune from civil litigation arising from testimony given under oath either at trial or during the course of a deposition. *See Briscoe v. LaHue*, 460 U.S. 325, 341 (1983). This immunity applies even if the testimony was ultimately false. *See Paine v. City of Lompoc,* 265 F.3d 975, 981 (9th Cir. 2000). Accordingly, Ersek is immune from Hussein's claim for defamation as a matter of law.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #144) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 21st day of May 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE